328

## COMMERCE UNION BANK v. ROBERT S. OVERALL AND PERSONAL LOAN & INVESTMENT COMPANY.—274 S. W. (2d) 15.

Middle Section. July 3, 1954.

Petition for Certiorari denied by Supreme Court, November 16, 1954.

Alvin B. Collins, of Murfreesboro, and William C. Sugg, of Nashville, for plaintiff.

J. J. Jewell, Jr., of Murfreesboro, for Overall.

William T. Sellers, of Murfreesboro, for Personal Loan & Inv. Co.

HOWELL, J. This is a replevin suit involving a 1953 Mercury automobile, brought by the Commerce Union Bank against the defendant Robert S. Overall. Later the Personal Loan & Investment Company of Murfreesboro filed an intervening petition in which it claimed that it was entitled to the possession of the car in question on account of the fact that it held a conditional sales contract executed by the defendant Overall at the time he purchased the car and that there was a balance due upon the purchase price of $1,562. The plaintiff claimed the right to possession of the car by virtue of a bill of sale and trust receipt executed by one J. B. Parsley from

whom Overall bought the car and upon which there was an alleged balance of about $2,000.

Appropriate pleas were filed.

The case was heard by the trial Judge without a jury and the Court held that the petition of the Personal Loan & Investment Company be granted and the car be restored to its possession and the plaintiff be taxed with the costs.

The petitioner and the defendant Overall were denied any damages for the detention of the car.

The plaintiff and defendant Overall by proper procedure have appealed in error to this Court and have assigned errors.

The record discloses the following facts:

The defendant Robert S. Overall bought the Mercury automobile in question on March 9, 1953, from a dealer, J. B. Parsley, doing business as the Vine Street Motor Company, and agreed to pay therefor $2,500, part of which was paid in cash and a conditional sales contract note was executed for the amount of $1,600 plus carrying charges and interest in all $1,862. The Personal Loan & Investment Company by proper procedure purchased this note and contract from J. B. Parsley doing business as Vine Street Motor Company, without any notice of any claim on the part of the plaintiff. The car had been bought by Overall for the personal use of his daughter.

It appears that on that same day March 9, 1953, the plaintiff Commerce Union Bank, which had been financing the purchase of automobiles by Parsley, advanced money to Parsley and took his note for $2,000 secured by a bill of sale of the Mercury car involved.

The defendant Overall testified that the transaction with the Personal Loan Investment Company occurred

early in the morning of March 9, 1953, about ten minutes after nine o'clock.

■ It thus appears that the Personal Loan & Investment Company was an innocent purchaser, for value of the contract and installment note mentioned, without any notice of any claim on the part of the plaintiff.

■ It further appears that the transaction with the petitioner Personal Loan & Investment Company occurred before the bill of sale to the plaintiff was executed and that the petitioner has a prior claim upon the car.

The judgment of the trial Court awarding possession of the Mercury car to the petitioner Personal Loan & Investment Company is affirmed.

It is insisted for the defendants that the trial Court erred in declining to award them damages for the detention of the automobile in question.

■ In Section 57 Caruthers History of a Lawsuit, Seventh Edition on page 65 it is said:

"If the defendant succeeds, the judgment is in the alternative, that the property be returned to the defendant with damages for its detention, or, in default thereof that the defendant recover from the plaintiff and his sureties in the replevin bond, the value of the property with interest thereon, and damages for the detention."

Also in Section 380 on page 414, Caruthers says:

"If the verdict is in favor of the defendant, it must also find damages in his favor against the plaintiff, for the detention of the property from the time it was taken from the defendant on the writ to the date of trial. And the judgment must order the return of the property to the defendant and award him dam-

ages. The defendant cannot, as a general rule, maintain a separate action on the replevin bond.''

Under the facts of this case we think the trial Judge should have awarded damages for the detention of the car to the defendant and the petitioner.

The assignments of error of the plaintiff are overruled and the judgment of the trial Court awarding possession of the car to the petitioner is affirmed.

The action of the trial Court in failing to award damages for the detention of the car is reversed and the case remanded for further proceedings in connection with the claim of the defendant Overall and petitioner Personal Loan and Investment Company for damages.

The plaintiff Commerce Union Bank will pay the costs of the appeal.

Affirmed in part and reversed as to damages and remanded.

Felts, P. J., and Hickerson, J., concur.